```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KYLE REARDON
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>    v.<br><br>BI XIA NI, and<br>RUI YANG LIN,<br><br>  Defendants.<br>_____<br>NATIONAL CITY MORTGAGE CO.,<br><br>  Petitioner.<br>_____ | 2:08-CR-0481-MCE<br><br>STIPULATION FOR FINAL<br>ORDER OF FORFEITURE<br>AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner National City Mortgage Co., dba Accubanc Mortgage, its successors and/or assigns ("National City Mortgage"), to compromise and settle their interests in the following property (hereafter the "Property"), and to consent to the entry of a Final Order of Forfeiture as to the following asset pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461(c):

///

///

>           Real property located at 3905 Glacier Court, Vallejo,
>           California, APN: 081-851-390, and more fully
>           described as:
>
>           Real property in the City of Vallejo, County of
>           Solano, State of California, described as
>           follows:
>
>           Lot 12, as shown on the Map of Northgate Neighborhood
>           "C", Unit No. 6, filed May 16, 2001, Map Book 71,
>           Page 89, Solano County Records.

This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On October 23, 2008, Bi Xia Ni entered into a plea agreement in which she pled guilty to Counts One and Two of the Superseding Information, which charge Unlawful Employment of Aliens in violation of 8 U.S.C. § 1324a(a)(1)(A)(i) and Misprision of a Felony Offense in violation of 18 U.S.C. § 4. On October 23, 2008, Rui Yang Lin entered into a plea agreement in which he pled guilty to Counts One and Two of the Superseding Information, which charge Unlawful Employment of Aliens in violation of 8 U.S.C. § 1324a(a)(1)(A)(i) and Misprision of a Felony Offense in violation of 18 U.S.C. § 4. The Court entered a Preliminary Order of Forfeiture on December 2, 2008. Pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), the United States gave direct notice to National City Mortgage, and posted notice of the forfeiture on an official government internet site www.forfeiture.gov for at least 30 consecutive days, beginning on December 22, 2008, and ending on January 20, 2009. National City Mortgage filed a Petition for Ancillary Hearing on February 5, 2009, claiming a lien holder interest in the Property. No other persons or entities have come forward and the time for maintaining a claim has expired.

1    2.   The parties hereby stipulate that National City Mortgage is a lien holder on the Property.  National City Mortgage has a legal right, title, or interest in the Property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the Petitioner's interest because such interest was vested in the Petitioner rather than the Defendants at the time of the commission of the acts which give rise to the forfeiture of the Property.  *See* 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853(n)).  The parties further stipulate, however, that Bi Xia Ni has an ownership interest in the Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of her interest.

3.   The parties agree that the sale of the Property shall be handled by the U.S. Department of Homeland Security, Customs and Border Protection in a commercially reasonable manner.  The U.S. Department of Homeland Security, Customs and Border Protection shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property. Bi Xia Ni and Rui Yang Lin shall vacate the Property within 30 days of entry of this Final Order of Forfeiture.  Until they vacate the Property, Bi Xia Ni and Rui Yang Lin shall maintain the Property in good condition and repair, and provide the U.S. Department of Homeland Security, Customs and Border Protection or its agents with reasonable access to the Property to facilitate its appraisal, marketing and sale.

///

Bi Xia Ni and Rui Yang Lin further shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash. Any and all of Bi Xia Ni and Rui Yang Lin's personal possessions, and the personal possessions of any former occupant, not removed will be disposed of by the United States without further notice.

    4. The United States agrees that upon entry of a Final Order of Forfeiture and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to National City Mortgage from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses reasonably incurred by the U.S. Department of Homeland Security, Customs and Border Protection in connection with its custody and sale of the Property, the following:

    a. All unpaid principal due to the petitioner National City Mortgage under the Deed of Trust recorded in the Solano County, California, Official Records as instrument number 2002-00075476, dated June 12, 2002, and recorded June 14, 2002. Said Deed of Trust secured a Promissory Note in the original amount of $355,700.00 dated June 11, 2002. As of December 24, 2008, the principal balance due and owing on the Note was $168,980.98. Accrued interest due on the Note through December 24, 2008, was $2,354.23.

///

///

| | | |
|---|---|---|
| 1 | | Interest will continue to accrue under the Note at an |
| 2 | | adjustable rate, which as of December 24, 2008, was |
| 3 | | 6.25% per annum or $28.42 per diem. |
| 4 | b. | All unpaid interest at the contractual base rate |
| 5 | | (not the default rate) under the above Note, |
| 6 | | secured by the Deed of Trust, until the date of |
| 7 | | payment. |
| 8 | c. | To National City Mortgage: reasonable attorney's fees |
| 9 | | not to exceed $3,000.00; all costs and expenses for |
| 10 | | servicing the subject loan and preservation of the |
| 11 | | Property to the extent recoverable under the above |
| 12 | | Note, secured by the Deed of Trust; and any property |
| 13 | | insurance and property taxes paid by National City |
| 14 | | Mortgage shall be reimbursed, until the date of |
| 15 | | payment. |
| 16 | d. | A total fee of not more than $200 to process a |
| 17 | | beneficiary demand statement and to record a |
| 18 | | reconveyance of the Deed of Trust. |
| 19 | e. | The exact amount to be paid to National City |
| 20 | | Mortgage shall be determined at the time of |
| 21 | | payment, but shall not be less than the amounts |
| 22 | | set forth above. |

5. The net proceeds from the sale of the Property, after the above disbursements outlined in paragraph 4, shall be forfeited to the United States and disposed of as provided for by law.

///
///
///

6. The United States shall not enter into any contract for the sale of the Property unless it first determines that a distribution of the sale proceeds pursuant to paragraph 4 will result in full payment of National City Mortgage's loan debt as provided for in paragraph 4. In order to make such determination, U.S. Department of Homeland Security, Customs and Border Protection (or their designee) shall obtain a current payoff statement from National City Mortgage. If U.S. Department of Homeland Security, Customs and Border Protection determines that National City Mortgage's loan debt will not be paid in full, the United states, at its option, may either continue to find a buyer at a sale price sufficient to result in full payment of National City Mortgage's loan debt or allow National City Mortgage to proceed with foreclosure of the Property.

7. The payment to petitioner National City Mortgage shall be in full settlement and satisfaction of all claims and petitions by National City Mortgage to the Property included in the Superseding Information filed on October 22, 2008, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property. The payment to National City Mortgage shall not include any penalty payments, including any prepayment penalties.

8. Upon payment, National City Mortgage agrees to assign and convey their security or other interests to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating

to the Property.  As against the United States and its agents, petitioner National City Mortgage agrees to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."  The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which National City Mortgage receives payment under the terms of this agreement.  The waiver by National City Mortgage of Civil Code § 1542 pertains only to the release given by National City Mortgage under this agreement as to the subject Property.  National City Mortgage expressly reserves all rights, and does not release any party, for any cross-complaint it might have in the event National City Mortgage is sued by a third party for the actions of the United states or one of its agents, servants, employees or representatives.

9.  The U.S. Department of Homeland Security, Customs and Border Protection (or their designee) shall have twelve (12) months from the date of entry of the Final Order of Forfeiture to sell the Property for a price that will satisfy the distributions in paragraph 4 above.  If the U.S. Department of Homeland Security, Customs and Border Protection (or their designee) cannot sell the Property for such a price within twelve (12) months, and the real property value subsequent to that time is such that National City Mortgage's loan debt would not be paid in full as described in paragraph 4 above, National City Mortgage shall have the option of proceeding with non-judicial foreclosure instead, which will not be

challenged or opposed by the United States or by the U.S. Department of Homeland Security, Customs and Border Protection.

10. Petitioner understands and agrees that by entering into this Stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, National City Mortgage shall be excused and relieved from further participation in this action.

11. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioners are not "innocent owners" or "bona fide purchasers" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the United States shall promptly notify the Petitioner of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally, National City Mortgage reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject Property is at an amount which may not be sufficient to satisfy its lien.

///
///
///
///

12. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

13. Payment to petitioner National City Mortgage pursuant to this Stipulation is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture. Further, the terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

14. The court shall maintain jurisdiction over this matter to, inter alia, enforce the terms of this Stipulation.

Dated: 5/8/09  
LAWRENCE G. BROWN  
Acting United States Attorney

/s/ Kyle Reardon  
KYLE REARDON  
Assistant U.S. Attorney

Dated: 05/08/09  
/s/ C Robert  
CAROLINE M. ROBERT  
Attorneys for Petitioner National City Mortgage Co., dba Accubanc Mortgage

(Original signature retained by counsel)

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE